UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SAMUEL S. CULOTTA** | **CIVIL ACTION NO. 06-932-P** |
| **VERSUS** | **JUDGE STAGG** |
| **BOSSIER PARISH SHERIFFS OFFICE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT & RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Samuel S. Culotta ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on May 31, 2006. Plaintiff is currently incarcerated at the LaSalle Correctional Center in Olla, Louisiana. He claims his civil rights were violated by prison officials while incarcerated at the Bossier Minimum Security Facility in Plain Dealing, Louisiana. He names the Bossier Parish Sheriffs Office, the Bossier Parish Police Jury, Sgt. Bazer and Bill Savage as defendants.

Plaintiff complains that deputies held him one day beyond his release date. He claims that on his scheduled release date of January 18, 2006, Sgt. Bazer and Bill Savage refused to

release him. He also claims the deputies verbally abused him and Sgt. Bazer hit him in the chest with his index finger.

As relief, Plaintiff seeks monetary damages, court costs, lost wages, gas and a federal inspection of the Bossier Parish Minimum Security Facility.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit . See Woodford v. Ngo, 126 S.Ct. 2378 (2006). Section 1997e also precludes Plaintiff from filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed). The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999).

Finally, prescription on the claim is tolled while the procedure is pending. See Harris, 198 F.3d at 153.

After reviewing Plaintiff's complaint, the Court finds Plaintiff has failed to exhaust administrative remedies prior to filing this action. Plaintiff admits he did not file a grievance in the administrative remedy procedure regarding the claims he raised in this complaint. (Doc. 4, p.2).

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 9th day of July 2007.

                                          MARK L. HORNSBY
                                          UNITED STATES MAGISTRATE JUDGE